IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOVELACE,<br><br>        Plaintiff,<br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-000817-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

  This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 7). Before the court is Defendant Department of Justice's (Defendant or DOJ) Motion to Dismiss (ECF 15) regarding Plaintiff Tiwanda Lovelace's (Plaintiff or Ms. Lovelace) "Motion for Writ of Mandamus," hereinafter referred to as the Complaint (ECF 1). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT Defendant's Motion (ECF 15).

## I. BACKGROUND

  Plaintiff initiated this action on December 29, 2022 by filing a Complaint (ECF 1), styled as a "Motion for Writ of Mandamus" (ECF 1). As alleged in the Complaint, Plaintiff asks the court to compel the DOJ to unseal and produce documents responsive to her 2015 request for documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2015 FOIA Request) (ECF 1 at ¶ 7). Plaintiff requests her "unredacted FOIA FBI file" because she has no "drug abuse history" or "federal, felony or misdemeanor convictions that would merit a 357-page file" (*id.* at ¶ 26). Plaintiff claims to have "repeatedly contacted officials regarding the maintenance of inaccurate and illegal entries" in her criminal background checks but "these inaccurate and misleading

transmittals remain unaddressed" (*id.* at ¶ 12). Plaintiff contends Defendant "should have to justify inaction and why the need to Seal the FBI File on a US Citizen who has alleged deprivation of rights under color of law, for a lifetime" (*id.* at ¶ 29). Plaintiff claims she is "being irreparably harmed by reason of [Defendant's] unlawful withholding of requested records" and "will continue to be irreparably harmed" (*id.* at ¶ 31). Plaintiff alleges there is a conspiracy that has led to the loss of royalties from copyrighted music, employment opportunities, housing, and public assistance over a span of three decades (*e.g., id.* at ¶¶ 32–33).

Plaintiff alleges she received letters from the DOJ on June 1, 2015 and on September 16, 2015 (*id.* at ¶ 28, Ex. 1, 2, 10).[1] The June 1, 2015 letter acknowledges receipt of Plaintiff's 2015 FOIA Request (*id.*, Ex. 1 at 5). The September 16, 2015 letter advises that her complaint to the Office of the Inspector General (OIG) was referred to the FBI for initial processing, the matter did not warrant the opening of an administrative inquiry, and no further action would be taken (*id.*, Ex. 10 at 4, Ex. 34 at 2). Plaintiff further alleges she received a response letter to her 2015 FOIA Request on August 22, 2016 (*id.* at ¶ 7, Ex. 2). In the August 22, 2016 letter, the FBI notifies Plaintiff that it had located 345 records responsive to her request, released 124 of those pages to her, and the remaining records were withheld pursuant to FOIA exemptions (*id.*, Ex. 2).

On February 2, 2023, Defendant filed its Motion to Dismiss (ECF 15) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant seeks dismissal of the Complaint on the grounds that Plaintiff failed to exhaust her administrative remedies and failed to file this action within the statute of limitations period set forth in 28 U.S.C. § 2401(a). In response, Plaintiff filed an Opposition (ECF 20) asserting she has "followed administrative procedures" and arguing she has claims under

---

[1] Plaintiff also alleges she received a letter dated June 9, 2015 and cites to Exhibit 34. This letter is not found in Exhibit 34 or elsewhere in Plaintiff's exhibits to her Complaint.

the Administrative Procedure Act (APA), 5 U.S.C. § 706, or 18 U.S.C. § 242 (ECF 20 at 2). Defendant thereafter filed a Reply (ECF 22).

## II. LEGAL STANDARDS

Defendant moves for dismissal of the Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plaintiff bears the burden of demonstrating that the Complaint meets this standard. *See Olson v. Carmack*, 641 F. App'x 822, 826–27 (10th Cir. 2016) (citing *Twombly*, 550 U.S. at 556). At this stage of litigation, the court's task is "to stay within the four corners" of the Complaint. *Duran v. Colbert*, No. 2:16-cv-805 CW, 2023 WL 2742738, at *2 (D. Utah Mar. 31, 2023) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.")).

Because Plaintiff is proceeding pro se, the court construes her Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby*,

*Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). The court considers Defendant's Motion and reviews the Complaint in light of these standards.

### III.    DISCUSSION

Defendant argues Plaintiff's Complaint is subject to dismissal for failure to exhaust administrative remedies because she failed to timely file an administrative appeal (ECF 14 at 5). Under FOIA, "[a] requester may appeal any adverse determination" to the Office of Information and Privacy (OIP) "within 90 calendar days after the date of the response" to the FOIA request. *See* 28 C.F.R. § 16.8(a). "Before seeking review by a court of a[n] . . . adverse determination, a requester generally must first submit a timely administrative appeal. *Id.* § 16.8(c). "Generally, a plaintiff must exhaust her administrative remedies under FOIA before filing suit in federal court[.]" *Hull v. U.S. Dep't of Treasury*, 656 F.3d 1174, 1179 (10th Cir. 2011). Although "exhaustion under FOIA is a prudential consideration rather than a jurisdictional prerequisite," it "remains a hurdle that FOIA plaintiffs must generally clear in order to obtain relief through the courts." *Id.* at 1181–83. "[A]s a prudential doctrine, [a plaintiff's] alleged 'failure to exhaust precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar.'" *Id.* at 1183 (quoting *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003)). It is well accepted that "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Id.* (quoting *Hidalgo*, 344 F.3d at 1258). The purposes of exhaustion include "preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing] a record which is adequate for judicial review." *Id.* (quoting *Hidalgo*, 344 F.3d at 1258).

Here, Plaintiff alleges she received the response to her 2015 FOIA Request on August 22, 2016 (ECF 1 at ¶ 7, Ex. 2).[2] The deadline to file an administrative appeal with the OIP would have expired in November 2016. *See* 28 C.F.R. § 16.8(a). Nowhere in the Complaint or exhibits does Plaintiff allege that she submitted an administrative appeal with the OIP before the deadline or at any time. The Tenth Circuit has held that failure to file an administrative appeal with the OIP precludes judicial review. *See Watter v. Dep't of Justice*, 576 F. App'x 718, 722 (10th Cir. 2014) (declining to review certain claims against the DOJ because the plaintiff "failed to perfect a proper administrative appeal"). By failing to submit an administrative appeal, Plaintiff "deprived OIP of an opportunity" to review the FBI's response, "correct any errors," and "add to the record" that Plaintiff now asks the court to review. *See id.* (citing *Hull*, 656 F.3d at 1183). The court therefore agrees with Defendant that Plaintiff has failed to exhaust her administrative remedies before seeking judicial review before this court.

In response, Plaintiff argues she has "followed administrative procedures" (ECF 20 at 2). Plaintiff claims she "attempted" to follow the process, but she was "denied the opportunity" to challenge the response "due to some technical error" (*id.* at 4–5). However, Plaintiff fails to include factual allegations in her Complaint or cite to exhibits that support these conclusory assertions. Plaintiff also appears to assert that her claims are cognizable under the APA or 18 U.S.C. § 242 (ECF 20 at 2). The APA waives the federal government's sovereign immunity only for claims "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. To the extent Plaintiff is asserting an APA claim, this claim would be barred because she had an adequate alternate remedy under FOIA. *See Eames v. U.S.*, No. 1:13-cv-00040-DBP, 2014 WL 4803160, at *4 (D. Utah Sept.

---

[2] Attached to the Motion to Dismiss is a Declaration of Michael G. Seidel setting forth additional facts relating to subsequent FOIA requests made by Plaintiff in 2021 and 2022 (ECF 15-1). Because these factual allegations do not appear to be referenced in the Complaint, the court will not consider them further. *See Duran v. Colbert*, 2023 WL 2742738, at *2.

26, 2014) (Section 704 of the APA "clearly prohibits [a plaintiff] from asserting both a FOIA and an APA [] claim in the same litigation." (quoting *Rummer v. Holder*, 700 F.3d 246, 252 (6th Cir. 2012))). As to Plaintiff's purported claims under criminal statutes, it is well settled that a private party cannot pursue claims in a civil lawsuit based on alleged criminal violations. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (affirming dismissal of claims under 18 U.S.C. §§ 241–42 because these statutes "do not provide for a private civil cause of action"). As such, any claim asserted by Plaintiff under 18 U.S.C. § 242, which imposes criminal penalties for deprivation of rights, would also fail.

In sum, because Plaintiff has failed to exhaust her administrative remedies under FOIA, the undersigned RECOMMENDS the court GRANT Defendant's Motion to Dismiss (ECF 15) and DISMISS the Complaint without prejudice.[3]

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF 15) be GRANTED and Plaintiff's Complaint (ECF 1) be DISMISSED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[3] Because the undersigned has recommended dismissal of the Complaint for failure to exhaust administrative remedies, the court does not reach Defendant's alternative argument for dismissal based on the statute of limitations.

DATED this 28 July 2023.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah