FILED
2024 JUL 9 AM 10:36
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| Tiwanda Lovelace, Plaintiff, v. Department of Justice, Defendant. | MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT<br><br>Case No. 2:22-cv-817-HCN-CMR<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Tiwanda Lovelace sued the Department of Justice under the Freedom of Information Act.[1] The Government moved to dismiss on the ground that Ms. Lovelace failed to exhaust her administrative remedies. *See* Dkt. No. 15. In accordance with Federal Rule of Civil Procedure 12(d), this court converted the Government's motion to dismiss into a motion for summary judgment. *See* Dkt. No. 38. Having provided the parties with notice and the opportunity to introduce any additional materials they deemed pertinent to the converted motion, the court now grants summary judgment for the Government.

Ms. Lovelace submitted FOIA requests to the Federal Bureau of Investigations in 2015 and 2021, as well as a related inquiry in 2022. *See* Dkt. No. 15-1 ¶¶ 5, 8, 10 & Exs. A, D, F (Decl. of Michael G. Seidel). The FBI released some information to Ms. Lovelace but withheld other information, invoking various FOIA exemptions. *See id.* ¶ 7 & Ex. C. The FBI repeatedly informed Ms. Lovelace that if she was dissatisfied with its FOIA determination, she could "file

---

[1] Although Ms. Lovelace argues that she filed a petition for a writ of mandamus and not a complaint, a writ of mandamus is available only when there is "no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). FOIA, however, expressly provides an alternative, adequate remedy—a civil action against a particular government agency to compel disclosure. *See* 5 U.S.C. § 552(a)(4)(B). Ms. Lovelace is thus not entitled to mandamus relief and her petition will be construed as a civil complaint. *See Adamo v. Romero*, No. CV 15-971, 2016 WL 7494280 at *1 n.1 (D.N.M., Apr. 27, 2016).

an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice" or "submit an appeal through OIP's [online] portal." *Id.* at Exs. B, C, E, G; *see also id.* ¶¶ 6–7, 9, 11. Although Ms. Lovelace points to correspondence that she sent to various *other* Government agencies and entities, *see* Dkt. Nos. 20-2–5, 26-1–7, 28-1–7, she identifies no evidence that she ever submitted anything to *OIP*, let alone a proper appeal. The Government, however, has submitted evidence that OIP has no record of any appeals submitted by Ms. Lovelace relating to the FOIA requests and inquiries at issue in this case. *See* Dkt. No. 15-1 ¶ 12.

An individual who is dissatisfied with an agency's response to her FOIA request generally must "exhaust her administrative remedies . . . before filing suit in federal court." *Hull v. Internal Revenue Service*, 656 F.3d 1174, 1179 (10th Cir. 2011). While this requirement is not jurisdictional, it still presents "a hurdle that FOIA plaintiffs must generally clear in order to obtain relief." *Id.* at 1183. The Tenth Circuit has applied this rule in circumstances closely analogous to those here, declining to review any FOIA claims against the Executive Office for United States Attorneys—like the FBI, an agency within the Department of Justice—because the plaintiff failed to "perfect a proper administrative appeal" by filing an appeal with OIP, despite instructions that he needed to do so if he wished to dispute the EOUSA's FOIA determination. *Watters v. Department of Justice*, 576 F. App'x 718, 722 (10th Cir. 2014) (unpublished).

As explained, the Government has in this case submitted evidence that Ms. Lovelace was repeatedly instructed that she needed to file an administrative appeal with OIP if she wished to dispute the FBI's FOIA determination but never did so. And Ms. Lovelace has failed to identify any evidence that she ever submitted an appeal to OIP. The court thus concludes "that there is no genuine dispute as to any material fact" and that the Government "is entitled to judgment as a

2

matter of law." Fed. Rule Civ. Proc. 56(a). The court accordingly grants summary judgment for the Government.

    **IT IS SO ORDERED.**

                                       DATED this 9th day of July, 2024.

                                       BY THE COURT:

                                       Howard C. Nielson, Jr.
                                       United States District Judge